NOT DESIGNATED FOR PUBLICATION

Nos. 114,866
115,094

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

VILLAGE GARDENS CONDOMINIUM OWNERS ASSOCIATION,
*Appellee*,

v.

ALEX HUAQIANG LEO (aka HUAQIANG LIU), JANE DOE #1,
the Unknown Spouse of ALEX LEO,
*Appellant-defendant*,

and

CAPITOL FEDERAL SAVINGS,
*Appellee-defendant*,

and

JOHN DOE, Unknown Tenant at 1685 E. 120th St., and
JANE DOE #2, Unknown Tenant at 1685 E. 120th St.,
*Defendants*.

MEMORANDUM OPINION

Appeal from Johnson District Court; KEVIN P. MORIARTY, judge. Opinion filed November 18, 2016. Affirmed.

*Alex Huaqiang Leo*, of Xiangyang, Hubei, People's Republic of China, appellant pro se.

*Mark V. Bodine*, of Bennett, Bodine & Waters, P.A., of Shawnee, for appellee Village Gardens Condominium Owners Association.

Before MCANANY, P.J., PIERRON, J., and BURGESS, S.J.

1

*Per Curiam*:  These two consolidated appeals arise from the same case that is the subject of our opinion (also issued today) in the companion appeal, *Village Gardens Condominium Owners Association v. Alex Huaquiang Leo, et al.*, Appeal No. 114,498. The facts applicable to this appeal are set forth in our opinion in the companion appeal, so it is not necessary to restate them here. Further, all but one of the claims raised in this appeal are identical to the claims raised in the companion appeal. We found all those claims to lack merit and affirmed the district court with respect to them. We need not repeat our analysis of those claims here. They are fully addressed in our opinion in the companion appeal.

The only new claim raised in this appeal is Leo's assertion that the district court erred in adopting the stipulation entered into by Village Gardens and Capitol Federal regarding the priority of Village Gardens' lien and Capitol Federal's first and second mortgage liens.

Village Gardens and Capitol Federal agreed that Capitol Federal's first mortgage lien on the condo had priority. Village Gardens' lien for unpaid condo assessments was next in line. Capitol Federal's second mortgage lien was third in line.

Leo does not cite any objection he raised to this order of lien priority. He does not contend that this order of priority was legally or factually incorrect. He does not propose a different order of priority. He does not argue that the order of priority for these liens had any adverse effect on him. He merely asserts that the purpose of the stipulation on lien priority was to "hypothesize a remedy/redressability" in the litigation in order to satisfy the standing requirement for an actual case or controversy. We have no idea what this means. We have already addressed the issue of standing and jurisdiction in our opinion in the companion appeal and found Leo's arguments lacking. Here, we find no error in the district court's acceptance of the agreed upon order of priority of the three liens on Leo's condominium.

Affirmed.